# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# LAFAYETTE DIVISION

| | | |
|---|---|---|
| MYRON MOREHOUSE and AMY MOREHOUSE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | NO. 4:16-CV-4 |
| FLUOR ENTERPRISES, INC., *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on the "Motion to Dismiss Defendant, Gaylor Electric, Inc.," filed by the defendant, Gaylor Electric, Inc., on August 23, 2017. (DE #81.) For the reasons set forth below, the motion to dismiss (DE #81) is **GRANTED**. Defendant Gaylor Electric, Inc. is hereby **DISMISSED WITH PREJUDICE** from this case. Additionally, per the remaining Defendants' joint request, the Court will allow their answers to be amended to name Gaylor Electric, Inc. as a nonparty. The clerk is **DIRECTED** to docket the proposed exhibits (DE #83-1 through DE #83-4) as amended answers as of the date of this order.

BACKGROUND

On January 12, 2016, the plaintiffs, Myron and Amy Morehouse ("Plaintiffs"), filed a complaint for damages stemming from the alleged careless and negligent acts and omissions of Fluor Enterprises, Inc. ("Fluor"), ECOA Industrial Products, Inc. ("ECOA"), and Alcoa, Inc. ("Alcoa"). (DE #1.) Plaintiffs moved to amend their complaint to add negligence claims against ABP Induction, LLC ("ABP") and Gaylor Electric, Inc. ("Gaylor") on July 6, 2016. (DE #41.) Magistrate Judge John E. Martin granted Plaintiffs' motion to amend on July 28, 2016, and the amended complaint was docketed on August 3, 2016. (DE #43 & DE #44.) All defendants have filed an answer to the amended complaint. (See DE #45, DE #47, DE #48, DE #58, & DE #64.) On August 23, 2017, Gaylor filed the instant motion to dismiss, requesting that the Court enter an order dismissing it from the lawsuit with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). (DE #81.) Gaylor attached to its motion a "Stipulation to Dismiss" signed only by its own attorney and Plaintiffs' attorney. (DE #81-1.) On September 6, 2017, Fluor, ECOA, Alcoa, and ABP (collectively, "Defendants") filed a "Joint Objection to Gaylor Electronic, Inc.'s Motion to Dismiss or Alternatively, Defendants' Joint Motion for Leave to Amend Answers to Name Gaylor Electronic, Inc. as a Non-Party," pointing out that they had not agreed to the dismissal of Plaintiffs' claims against Gaylor and objecting to the dismissal in

order to preserve their rights to name Gaylor as a nonparty under Indiana Code 34-6-2-88; Defendants also request leave to file amended answers in the event the motion to dismiss is granted. (DE #83.) On September 18, 2017, Plaintiffs filed a reply to Defendants' joint objection, noting that they agreed with dismissing Gaylor and allowing Defendants to file an amended answer naming Gaylor as a nonparty. (DE #84.) Gaylor has not filed any reply. Thus, the motion is ripe for adjudication.

ANALYSIS

Federal Rule of Civil Procedure 41(a)(2) provides that an "action may be dismissed *at the plaintiff's request* only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2) (emphasis added). Unless otherwise stated, such dismissal is without prejudice. *Id*. The Seventh Circuit has delineated several factors for a district court to consider when determining whether a plaintiff's motion for voluntary dismissal should be denied, including "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Pace v. S. Exp. Co.*, 409 F.2d 331, 334 (7th Cir. 1969). Rather than being mandatory, however, the factors are simply a guide for the

3

trial court judge, with whom discretion ultimately rests, to consider. *Tyco Laboratories, Inc. v. Koppers Co., Inc.*, 627 F.2d 54, 56 (7th Cir. 1980). "In exercising its discretion the court follows the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir. 1971) (citation omitted). Federal Rule of Civil Procedure 41(a)(1), on the other hand, states that a plaintiff may dismiss an action without a court order via a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A)(ii).

As an initial matter, the Court notes that the instant motion to dismiss seems to conflate the two sections of Rule 41. The attached "Stipulation to Dismiss" (DE #81-1) is purportedly via Rule 41(a)(2), yet stipulations are correctly brought pursuant to Rule 41(a)(1)(A)(ii) and must be signed by all parties who have appeared. Apparently recognizing that the stipulation is not valid standing alone, Gaylor filed the motion to dismiss noting that Rule 41(a)(2) "provides the Court with the power to dismiss parties without a signed stipulation by all parties." (DE #81.) Yet, according to the rule itself, a request for dismissal under Rule 41(a)(2) is to be made by a plaintiff rather than by a defendant as was done here. Normally, the Court would require the motion to be refiled to comply with proper procedures; however, for the sake of

judicial economy and because Plaintiffs have filed a "reply" essentially supporting Gaylor's motion (DE #84), the Court will proceed with the analysis as if Plaintiffs had filed the original motion themselves.

Because both Gaylor and Plaintiffs have agreed that all claims between them have been resolved, the only relevant factor to consider is whether the remaining Defendants would suffer plain legal prejudice as a result of Gaylor's dismissal. Defendants have objected to the dismissal on the sole ground that they wish to preserve their rights to name Gaylor as a nonparty under Indiana Code 34-6-2-88.[1] Any potential prejudice has been cured by the objection itself. See *Bloemker v. Detroit Diesel Corp.*, 687 N.E.2d 358, 359-60 (Ind. 1997) (a defendant in Indiana may preserve its right to assert a nonparty defense against a dismissed defendant by making a timely objection that asserts an intent to assert a nonparty defense against the dismissed defendant); *Nationwide Ins. Co. v. Parmer*, 958 N.E.2d 802, 808 (Ind. Ct. App. 2011) ("a party-defendant need only object to a dismissal or claim that a party-defendant should remain for purposes of allocation of fault in order to preserve a nonparty defense"); *Henderson v. Prerovsky*,

---

[1] "The Indiana Code section on comparative fault governs 'any action based on fault that is brought to recover damages for injury or death to a person or harm to property.' I.C. § 34-51-2-1. '[I]n an action based on fault, a defendant may assert as a defense that the damages of the claimant were caused in full or in part by a nonparty.' I.C. § 34-51-2-14. A 'nonparty' is defined as 'a person who caused or contributed to cause the alleged injury, death, or damage to property but who has not been joined in the action as a defendant.' I.C. § 34-6-2-88." *Nationwide Ins. Co. v. Parmer*, 958 N.E.2d 802, 807 (Ind. Ct. App. 2011).

5

No. 1:08-CV-0717, 2009 WL 1311095, at *1 (S.D. Ind. May 11, 2009) (holding that by making an objection, a defendant had "properly preserved its right to assert nonparty defenses with respect to [other defendants], but that objection will not preclude their dismissal"). Thus, the Court finds that the dismissal of Gaylor is proper, and Gaylor is hereby dismissed from this action with prejudice. Additionally, although not technically necessary to preserve Defendants' rights, for the sake of clarity in the record, Defendants' request to amend their answers will be granted. See *Nationwide*, 958 N.E.2d at 808 (finding that the trial court did not abuse its discretion in allowing a defendant to amend his answer in order to add previously dismissed defendants as nonparties for affirmative defense purposes); see also *Thomas v. Black & Decker (U.S.), Inc.*, No. 1:11-CV-1365-WTL-DML, 2014 WL 309380, at *2 (S.D. Ind. Jan. 27, 2014).

CONCLUSION

Accordingly, for the reasons set forth above, the motion to dismiss (DE #81) is **GRANTED**. Defendant Gaylor Electric, Inc. is hereby **DISMISSED WITH PREJUDICE** from this case. Additionally, per the remaining Defendants' joint request, the Court will allow their answers to be amended to name Gaylor Electric, Inc. as a nonparty. The clerk is **DIRECTED** to docket the proposed exhibits (DE #83-1

through DE #83-4) as amended answers as of the date of this order.

**DATED: December 4, 2017**             <u>**/s/RUDY LOZANO, Judge**</u>
                                        **United States District Court**