# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

MYRON MOREHOUSE and AMY MOREHOUSE,

    Plaintiffs,

v.

FLUOR ENTERPRISES, INC., ECOA INDUSTRIAL PRODUCTS, INC., and ALOCA, INC.,

    Defendants.

CAUSE NO.: 4:16-CV-4-TLS

## OPINION AND ORDER

This matter is before the Court sua sponte. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002).

The Complaint alleges that the Court's original subject matter jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. (Compl. ¶ 5, ECF No. 1.) Diversity jurisdiction exists when the parties to an action on each side are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). As the parties seeking to invoke this Court's jurisdiction, the Plaintiffs bear the burden of demonstrating that the jurisdictional requirements have been met. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802–03 (7th Cir. 2009). A failure to meet that burden can result in a dismissal. *See Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004). In this case, the Plaintiffs have sufficiently alleged the citizenship of the corporate Defendants and that the amount in controversy exceeds $75,000.

However, the Complaint alleges that the "Plaintiffs Myron Morehouse and Amy Morehouse are husband and wife and are residents of Indiana." (Compl. ¶ 1). Citizenship of a natural person is determined by domicile, not by residence. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see also Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58–59 (7th Cir. 1996) (explaining that statements concerning a party's "residence" are not proper allegations of citizenship as required by 28 U.S.C. § 1332).

Accordingly, the Court ORDERS the Plaintiffs to FILE, on or before, **June 27, 2019**, a supplemental jurisdictional statement identifying the domicile of Plaintiffs Myron Morehouse and Amy Morehouse on January 12, 2016, the date the Complaint was filed. Because this supplemental jurisdictional statement must be filed prior to the parties filing their dismissal papers, the Court extends the deadline for the parties to file their dismissal papers to **July 8, 2019**.

SO ORDERED on June 18, 2019.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT